STATE of Utah, Plaintiff and Appellee,

v.

Dan A. PARK, Defendant
and Appellant.

No. 900260–CA.

Court of Appeals of Utah.

April 10, 1991.

LeRay G. Jackson, Delta, for defendant
and appellant.

R. Paul Van Dam, State Atty. Gen., and
Christine F. Soltis, Asst. Atty. Gen., Salt
Lake City, for plaintiff and appellee.

Before ORME, BENCH and GARFF,
JJ.

## MEMORANDUM DECISION.

PER CURIAM:

Defendant appeals the trial court's denial
of his motion to suppress and the trial
court's denial of his motion for a directed
verdict. Based on this court's recent deci-
sion in *State v. Sims*, 808 P.2d 141 (Utah
Ct.App.1991), we reverse and remand.

On May 10, 1990, defendant was stopped
at a roadblock on I–15 about two miles
south of Nephi, Utah. The roadblock, con-
sisting of about fifteen officers stopping all
traffic traveling northbound and south-
bound except trucks, was conducted under
the supervision of Utah Highway Patrol
Sergeant Paul Mangelson. Notice of the
roadblock was published in the local news-
papers two weeks earlier. At about 8:15
a.m., Officer LuWayne Walker stopped de-
fendant's vehicle and requested his license
and registration. During the stop, Officer
Walker detected an odor coming from the
vehicle and noted that defendant was act-
ing unusual. Officer Walker asked defen-
dant if he was carrying alcohol, firearms or
drugs. All three individuals in the vehicle
looked straight ahead and said nothing.

Defendant then quickly turned to Officer Walker and said "No". Officer Walker then asked defendant if he would mind if the vehicle was searched. Defendant responded that it would be fine. The officer asked defendant to pull to the side of the road and exit the vehicle. All three occupants exited and were patted down for weapons. Small amounts of marijuana were found on the two passengers. In the trunk of the vehicle, officers discovered a red tool box containing five baggies of marijuana and a twenty dollar bill. A subsequent inventory search of the vehicle revealed a methamphetamine kit under the console next to the driver's seat. Defendant was charged with possession of a controlled substance with intent to distribute and possession of a controlled substance.

Defendant filed a motion to suppress evidence seized in the search on the ground that "1. There was no probable cause nor legal reason to stop said vehicle. 2. There was no probable cause to search said vehicle. 3. The search of said vehicle was illegal and was not conducted pursuant to legal consent nor pursuant to the legal issuance of a Search Warrant." After an evidentiary hearing, defendant submitted a memorandum to the court, claiming that the warrantless search of the vehicle was unreasonable in that there is no statute authorizing such roadblocks and that the roadblock did not meet the standard under state and federal caselaw. Defendant's memorandum also asserted that the officer's request to search the vehicle violated his constitutional right to be free from unreasonable searches and seizures, and that the officers lacked probable cause to justify searching the trunk and console. The trial court denied the motion to suppress, stating that the roadblock minimally inconvenienced the public and was structured to neutralize the discretion of the officers conducting the roadblock. Thus, the court concluded, the stop was a reasonable seizure and did not violate defendant's state or federal constitutional rights. The court also concluded that defendant voluntarily consented to the search and therefore the search did not violate defendant's state or federal constitutional rights. Dur-

ing the trial, the court denied defendant's motion for a directed verdict. The jury found defendant guilty of possession of marijuana and of knowingly and intentionally possessing methamphetamines.

On appeal, defendant raises three issues: 1) Whether officers had probable cause or reasonable suspicion to detain or seize the vehicle; 2) Whether defendant's consent was voluntary; and 3) Whether the court erred in denying his motion for a directed verdict.

We first consider whether the roadblock violated defendant's fourth amendment right to be free from unreasonable searches and seizures. The State narrowly construes the issue as a challenge only to whether the officers had probable cause or reasonable suspicion to detain defendant and his vehicle *after* the roadblock stop. Under that narrow reading of the issue, the State claims the issue was not raised below and therefore may not be raised on appeal. We disagree with the State's characterization of the issue. Defendant's memorandum in support of the motion to suppress and his brief clearly address the constitutionality of the roadblock stop. Therefore, the constitutionality of the roadblock stop is squarely before this court.

In *State v. Sims*, 808 P.2d 141 (Utah Ct.App.1991), this court addressed the constitutionality of a virtually identical roadblock stop and held that the roadblock stop violated defendant's state and federal constitutional rights. In *Sims*, defendant was stopped at a roadblock on I–15 about two miles south of Nephi, Utah. The roadblock, staffed by about ten officers, was planned and supervised by Sergeant Paul Mangelson, and its purpose was to detect license, registration, liquor and drug violations. Notice of the roadblock was published in the local paper two to four weeks earlier. Sergeant Mangelson testified that no written policy existed governing the roadblock and that his supervisor gave him permission to conduct the roadblock. All vehicles were stopped, except trucks. At about 9:00 a.m., Trooper Howard stopped Sims and requested his license and registration. While talking with Sims, Trooper

Howard saw an open liquor bottle and shortly thereafter obtained Sims's consent to search the vehicle.

The court, relying on *Michigan Dep't of State Police v. Sitz*, — U.S. —, 110 S.Ct. 2481, 110 L.Ed.2d 412 (1990), held that because the roadblock was not carried out pursuant to a plan embodying explicit, neutral limitations on the conduct of the individual officers, because the plan was not developed by politically accountable officials, and because there was no indication that the authorization process involved any balancing of fourth amendment interests, law enforcement interests, or an assessment of the effectiveness of the roadblock in meeting those interests, the roadblock violated defendant's fourth amendment rights.

 As in *Sims*, the roadblock in this case was two miles south of Nephi, Utah on I-15, was supervised by Sergeant Mangelson, and was publicized in the local paper several weeks earlier. All traffic except large trucks was stopped in both this case and in *Sims*. Sergeant Mangelson testified at the suppression hearing that the roadblock was authorized by his supervisor. No other evidence was submitted indicating that the roadblock was carried out pursuant to a plan with explicit, neutral limitations on the officers' conduct, or that it was developed by politically accountable officials. In addition, there was no indication that the authorization process involved any balancing of interests. Therefore, as in *Sims*, the roadblock did not conform to the standard set forth in *Sitz*. Therefore, we hold that the roadblock stop violated defendant's fourth amendment right to be free from unreasonable searches and seizures.[1]

 We next address whether defendant voluntarily consented to the search of the vehicle. The State contends, as it did in *Sims*, that this issue was not raised below and may therefore not be raised on appeal. Ordinarily, a defendant may not assert a ground for suppressing evidence if that ground was not asserted in the trial court.

*State v. Carter*, 707 P.2d 656, 660 (Utah 1985). However, if a ground for suppressing evidence is unknown or unavailable to a defendant at the time the motion to suppress is filed, defendant does not waive his right to raise that issue. *State v. Lee*, 633 P.2d 48, 53 (Utah 1981).

 At the time of defendant's suppression hearing, in this case and in *Sims*, Utah case law provided that a non-coerced search consent purged the taint of a primary illegality. *Sims*, 808 P.2d at 149–150; *see State v. Sierra*, 754 P.2d 972, 980 (Utah Ct.App.1988). However, in *State v. Arroyo*, 796 P.2d 684 (Utah 1990), the Utah Supreme Court reversed this court's decision in *State v. Arroyo*, 770 P.2d 153 (Utah Ct.App.1989), and held that consent to search a vehicle following a primary illegality must be both non-coerced and not obtained by exploitation of the primary illegality. Therefore, because this argument was effectively unavailable to defendant, just as the argument was unavailable to Sims, defendant did not waive the right to raise the consent issue.

In *Sims*, the court addressed whether defendant's consent, given shortly after the roadblock stop and after the officer saw an open liquor bottle in the vehicle, was sufficiently attenuated from or an exploitation of the illegal stop. *Sims*, 808 P.2d at 149–152. The court examined several factors to evaluate whether the consent was obtained by exploitation of the stop, including the temporal proximity of the primary illegality and the consent, the presence of intervening circumstances, and the purpose of flagrancy of the illegal police conduct. *Id.* The court stated that because the consent was obtained within minutes of the illegal stop, it was not sufficiently attenuated from the primary illegality to purge the taint. Further, the court found, the record did not reveal any intervening circumstances which broke the chain of events which began with the illegal roadblock. Finally, the court stated that the purpose of the illegal police conduct did not correct the

---

1. We need not address whether the roadblock violated defendant's state constitutional rights because the roadblock does not pass muster under the federal constitution.

constitutional violation. In sum, the court concluded that Sims's consent was arrived at by exploitation of the illegal roadblock and that all evidence obtained under that consent must be suppressed.

■ In this case, as in *Sims*, defendant's consent was obtained within minutes of the illegal stop. Between the stop and defendant's consent to search, no intervening events occurred which broke the chain of events beginning with the illegal roadblock. Finally, the purpose of the illegal police conduct did not correct the constitutional violation. *See Sims*, 808 P.2d at 151–152. Therefore, because the record demonstrates that defendant's consent was obtained by exploitation of the illegal roadblock, we hold that the consent was invalid and all evidence seized pursuant to that consent must be suppressed.

Because we reverse the trial court's denial of the motion to suppress, we need not address defendant's claim that the trial court erred in denying his motion for a directed verdict.

Defendant's convictions are reversed and the case is remanded for further proceedings consistent with this opinion.

ORME and GARFF, JJ., concur.

BENCH, J., concurs in the result.