**STATE of Utah, Plaintiff and Appellee,**

v.

**Lemuel Thomas SMALL, Defendant and Appellant.**

**No. 900382–CA.**

Court of Appeals of Utah.

March 19, 1992.

G. Fred Metos and Stephen R. McCaughey, Salt Lake City, for defendant and appellant.

R. Paul Van Dam, Atty. Gen., David Thompson, and Marian Decker, Asst. Attys. Gen., Salt Lake City, for plaintiff and appellee.

Before BILLINGS, Associate P.J., and JACKSON and RUSSON, JJ.

## OPINION

JACKSON, Judge:

This is an appeal from a trial court's denial of appellant Lemuel T. Small's motion to suppress evidence obtained as a result of a roadblock and subsequent search of the vehicle in which Small was a passenger. We reverse and remand for a new trial in which the evidence seized from the vehicle is to be suppressed.

## FACTS

Small does not challenge the trial court's findings of fact. Therefore, for purposes of this appeal the facts are as follows.

On September 29, 1988, the Utah Highway Patrol, in conjunction with the Millard County Sheriff's office, conducted a roadblock in Millard County, Utah, on a section of Interstate 15. Notice of the roadblock was published in the Millard County Chronicle one week before the roadblock was instituted and signs were placed on the freeway, warning drivers that they would have to stop. Approximately fifteen officers were assigned to operate the roadblock. They were instructed to check for drivers' licenses and vehicle registration. In addition, the officers were told to further question anyone who looked suspicious.

During the roadblock, all vehicles were stopped, including the vehicle in which Small was a passenger. The vehicle was driven by Dennis Shoulderblade. Officer Jeffrey Whatcott, who executed the stop, testified that both Small and Shoulderblade produced valid identification. The vehicle was not registered to either Small or Shoulderblade. Small told the officer that the vehicle belonged to a friend of his. Officer Whatcott sought confirmation of registration through radio dispatch. He also asked Small and Shoulderblade if there were any firearms, alcohol, or drugs in the vehicle. Both replied in the negative. Officer Whatcott requested permission to search the vehicle, and Small consented.

In searching the vehicle, Officer Whatcott located a substantial quantity of drugs, drug paraphernalia, firearms, and cash. Both Small and Shoulderblade were arrested. Officer Whatcott continued to search the vehicle, and upon smelling marijuana, opened the trunk of the vehicle and discovered more drugs and paraphernalia.

In an amended information, Small and Shoulderblade were charged with several counts of possession of controlled substances. Both defendants filed motions to suppress the evidence that was found in the vehicle. The motions were based on the alleged illegality of the roadblock. The trial court concluded that the roadblock was instituted in a lawful manner. The trial court also found that Small and Shoulderblade consented to the search of the vehicle, and that the consent was never withdrawn. Based on the foregoing, the court denied the motions to suppress.

Small and Shoulderblade were tried by a jury on February 16, 1990. The jury convicted Small of one count of possession of a controlled substance (cocaine), a third degree felony, in violation of Utah Code Ann. § 58-37-8(2)(a)(i) (Supp.1988), and two counts of possession of a controlled substance with intent to distribute (methamphetamine and marijuana), a second and a third degree felony, in violation of Utah Code Ann. § 58-37-8(1)(a)(iv) (Supp.1988).[1]

## ISSUES

Small appeals the denial of his motion to suppress, contending that (1) the roadblock stop of the vehicle in which he was riding was illegal; and (2) because there was insufficient attenuation between the illegal

---

1. The current versions of the statutes under which Small was convicted are codified at Utah Code Ann. § 58-37-8 (Supp.1992).

roadblock and any consent given, all evidence discovered subsequent to the roadblock stop should have been suppressed by the trial court.

## STANDARD OF REVIEW

■ In reviewing a challenge to a lower court's suppression ruling, we will not reverse the findings of fact underlying that ruling unless they are clearly erroneous. *State v. Palmer*, 803 P.2d 1249, 1251 (Utah App.1990), *cert. denied*, 802 P.2d 748 (Utah 1991). Those factual findings are clearly erroneous only if they are against the clear weight of the evidence. *State v. Castner*, 825 P.2d 699, 701 (Utah App.1992); *State v. Leonard*, 825 P.2d 664, 667 (Utah App. 1991). The issue of the constitutionality of a roadblock stop is a matter of law which we review with no particular deference to the trial court's conclusions. *State v. Sims*, 808 P.2d 141, 144 (Utah App.1991), *cert. pending*.

## LEGALITY OF THE ROADBLOCK

■ Small asserts that the roadblock at which he was stopped violated his constitutional right against unreasonable searches and seizures. Specifically, Small alleges that the roadblock did not meet the objective standards required by the Fourth Amendment of the United States Constitution and Article I, Section 14 of the Utah Constitution.

At the time of its denial of Small's motion to suppress, the trial court did not have the benefit of the United States Supreme Court's decision in *Michigan Dept. of State Police v. Sitz*, 496 U.S. 444, 110 S.Ct. 2481, 110 L.Ed.2d 412 (1990). The State concedes that the roadblock in the present case fails to meet the requirements for roadblocks set out in *Sitz*. We agree. Thus, the roadblock stop violated Small's Fourth Amendment right against unreason-

able seizures, and the trial court's conclusion to the contrary is reversed.[2]

## ADMISSIBILITY OF EVIDENCE FOLLOWING ILLEGAL ROADBLOCK

■ Having determined that the roadblock stop of the vehicle was unconstitutional, we must now determine if the subsequent warrantless search was nevertheless valid. Relying on *State v. Sims*, 808 P.2d 141 (Utah App.1991), *cert. pending*, Small asserts that while he consented to the search of the vehicle, his consent was obtained as a result of an unbroken chain of events that began with the illegal roadblock, and that as a result, his consent is not valid.

The State has the burden of establishing that the evidence obtained following the illegal roadblock was not tainted by showing the consent given was sufficiently attenuated from that illegality. *See Sims*, 808 P.2d at 151.

Two factors determine whether consent to a search is lawfully obtained following initial police misconduct. The inquiry should focus on whether the consent was voluntary and whether the consent was obtained by police exploitation of the prior illegality. Evidence obtained in searches following police illegality must meet both tests to be admissible. *State v. Arroyo*, 796 P.2d 684, 688 (Utah 1990) (citing 3 W. LaFave, *Search and Seizure* § 8.2(d), at 190 (2d ed. 1987)). The State argues that because the trial court did not make explicit findings on either prong of the *Arroyo* test, we should remand for the trial court to make detailed findings to support the consent determination. We decline the State's invitation to remand for further findings[3] because, as this court stated in *State v. Castner*, 825 P.2d 699, 704 & n. 3 (Utah App.1992), when the record at the suppression hearing is

---

**2.** Because the roadblock does not pass muster under the federal constitution, we need not consider its validity under the state constitution. *See State v. Park*, 810 P.2d 456, 458 n. 1 (Utah App.), *cert. denied*, 817 P.2d 327 (Utah 1991).

**3.** We acknowledge that fact-sensitive issues such as consent are best resolved by the trial court. However, in this case counsel for both Small and for the State indicated at oral argument that there were no facts in dispute and it was doubtful that any further enlightening facts would be forthcoming.

sufficiently detailed and there are no contested facts, we are in as good a position as the trial court to decide the taintedness/attenuation issue.

### A. Voluntary Consent

■ Voluntariness of consent is a fact sensitive question and we look to the totality of circumstances to ascertain if there is clear and positive testimony that the consent was unequivocal and freely given. *Castner*, 825 P.2d at 703; *State v. Carter*, 812 P.2d 460, 467 (App.1991); *State v. Grovier*, 808 P.2d 133, 136 (Utah App.1991); *State v. Marshall*, 791 P.2d 880, 887–88 (Utah App.), *cert. denied*, 800 P.2d 1105 (Utah 1990). The trial court determined that Small had consented to the searches. Small does not challenge that ruling on appeal. However, the trial court did not address whether or not the consent was voluntary. This is an important first prong in the *Arroyo* analysis. We find nothing in the undisputed facts that suggests Small's consent was not voluntary.

### B. Dissipation of Taint

■ The conclusion that there was voluntary consent does not end our inquiry as we must also determine if the consent was untainted by the prior illegality. *Castner*, 825 P.2d at 704. "We examine several factors to determine if there has been an exploitation of a prior illegality: temporal proximity of the illegality and the evidence sought to be suppressed, the presence of intervening factors, and the purpose and flagrancy of the misconduct." *Id.; accord Sims*, 808 P.2d at 150; *Arroyo*, 796 P.2d at 690–91 n. 4.

This case is indistinguishable from *Sims*. The record demonstrates a very short period of time elapsed between Small's stop at the roadblock and Officer Whatcott's request to search. As for intervening factors, none exist. The consent was obtained during the ongoing illegal roadblock stop. On the uncontroverted facts before us, we conclude that Small's consent to have the vehicle searched was not sufficiently attenuated to dissipate the taint of the illegal roadblock.

## CONCLUSION

Small's convictions are reversed and the case is remanded to the trial court for proceedings in accord with this opinion.

BILLINGS, Associate P.J., and RUSSON, J., concur.