**STATE of Utah, Plaintiff and Appellee,**

v.

**Dennis SHOULDERBLADE, Defendant and Appellant.**

No. 900288–CA.

Court of Appeals of Utah.

Aug. 20, 1993.

---

G. Fred Metos and Stephen R. McCaughey, Salt Lake City, for defendant and appellant.

Jan Graham and David B. Thompson, Salt Lake City, for plaintiff and appellee.

Before BILLINGS, JACKSON and RUSSON, JJ.

## OPINION

RUSSON, Associate Presiding Judge:

This case was originally heard by this court in February 1992, which hearing resulted in a determination that the lower court's denial of Shoulderblade's motion to suppress the evidence was correct because valid consent was given to search the vehicle. Shoulderblade appealed that decision to the Utah Supreme Court, which reversed and remanded for further proceedings on the issue of whether there was sufficient attenuation between the illegal roadblock stop and a voluntary consent to search, so as to preclude the application of the exclusionary rule of the Fourth Amendment to the United States Constitution.[1]

On remand, Shoulderblade argues that any consent given to search the vehicle lacked attenuation from the illegal stop, making the seized evidence inadmissible. He further asserts that under the doctrine of stare decisis, this court should follow our decision in the companion case, *State v. Small*, 829 P.2d 129 (Utah App.), *cert. denied*, 843 P.2d 1042 (Utah 1992), involving the passenger in the automobile driven by Shoulderblade, and suppress the evidence obtained in the illegal stop. The State responds that there was sufficient attenuation to allow submission of the evidence. Moreover, the State contends that *Small* is not controlling because if a violation by the police is not flagrant or purposeful, then

---

**1.** Shoulderblade neither raised nor argued the attenuation issue before the trial court or on appeal to this court, but raised it for the first time in his petition for writ of certiorari to the supreme court.

temporal proximity or the absence of intervening circumstances between the illegality and consent is not significant.

## FACTS

On September 29, 1988, the Utah Highway Patrol, in conjunction with the Millard County Sheriff's office, conducted a roadblock, stopping all vehicles on a section of Interstate 15 in Millard County, Utah. The approximately fifteen officers assigned to operate the roadblock were instructed to check for driver's licenses and vehicle registration and further question anyone who looked suspicious.

During the roadblock, a vehicle driven by Dennis Shoulderblade was stopped by Officer Jeffrey Whatcott. Lemuel Small was a passenger in that vehicle. At the officer's request, both Shoulderblade and Small produced valid identification. The vehicle was not registered to either Small or Shoulderblade, but Small told the officer that the vehicle belonged to a friend of his. The officer sought confirmation of registration through radio dispatch. He also asked Small and Shoulderblade if there were any firearms, alcohol, or drugs in the vehicle. After both Shoulderblade and Small replied in the negative, Officer Whatcott requested permission to search the vehicle. Small consented. Both Shoulderblade and Small were arrested after substantial quantities of drugs, drug paraphernalia, firearms, and cash were found in the vehicle. Officer Whatcott continued to search the vehicle, and on smelling marijuana, opened the trunk of the vehicle and discovered more drugs and paraphernalia.

The State charged both Shoulderblade and Small with one count of possession of a controlled substance, a third degree felony, in violation of Utah Code Ann. § 58-37-8(2)(a)(i) (Supp.1988), and two counts of possession of a controlled substance with intent to distribute, second and third degree felonies, in violation of Utah Code Ann. § 58-37-8(1)(a)(iv) (Supp.1988). Prior to their joint trial, both Shoulderblade and Small moved to suppress the evidence obtained in the search, asserting that the evidence was seized in violation of the Fourth and Fourteenth Amendments to the United States Constitution and article I, section 14 of the Utah Constitution. The lower court denied both motions, and the jury found both Shoulderblade and Small guilty of the charged offenses.

Shoulderblade and Small separately appealed their convictions to this court. In Shoulderblade's appeal, this court held, in an unpublished opinion, that the roadblock stop was a violation of the Fourth Amendment, but affirmed Shoulderblade's conviction on the ground that voluntary consent was given for the search. *State v. Shoulderblade*, No. 900288–CA, slip op. (Utah App. March 12, 1992). In that appeal, Shoulderblade did not raise the issue of attenuation. However, Small, in his appeal, did raise the issue of attenuation and this court reversed his conviction, holding that Small's consent to have the vehicle searched was not sufficiently attenuated to dissipate the taint of the illegal roadblock. *State v. Small*, 829 P.2d 129, 132 (Utah App.), *cert. denied*, 843 P.2d 1042 (Utah 1992). Shoulderblade appealed this court's decision to the Utah Supreme Court, which reversed and remanded the matter to this court for further proceedings on the issue of attenuation.

The sole issue presented for review is whether there was sufficient attenuation between the illegal roadblock stop and the voluntary consent to search the vehicle to relieve that consent of the taint of the initial stop.

## STANDARD OF REVIEW

■ The lower court's determination of attenuation involves a question of law, which we review for correctness. *State v. Thurman*, 846 P.2d 1256, 1271–72 (Utah 1993). "The trial court's underlying factual findings will not be set aside unless they are found to be clearly erroneous." *Id.* at 1271 (citation omitted).

## ANALYSIS

■ The State argues that, even though the roadblock was conducted illegally, there was sufficient attenuation between

the illegality of the stop and the consent to search so as to purge the consent of any taint. Additionally, the State contends that since the illegality of the stop was not flagrant or purposeful, the seized evidence is admissible. Shoulderblade, on the other hand, asserts that any consent given to search the vehicle lacked attenuation from the illegal stop. Furthermore, he argues that this court, in *State v. Small*, 829 P.2d 129 (Utah App.), *cert. denied*, 843 P.2d 1042 (Utah 1992), held on the same facts from the same stop that there was no attenuation between the illegal stop and the consent, and that therefore, that decision governs here so that, under the doctrine of stare decisis, the evidence should be suppressed.

The Utah Supreme Court recently stated that the doctrine of stare decisis applies to the Utah Court of Appeals, a multi-panel appellate court. In *State v. Thurman*, 846 P.2d 1256 (Utah 1993), the court stated:

> Although the doctrine is typically thought of when a single-panel appellate court is faced with a prior decision from the same court, stare decisis has equal application when one panel of a multi-panel appellate court is faced with a prior decision of a different panel. *See, e.g., Opsal v. United Servs. Auto. Ass'n,* 283 Cal.Rptr. 212, 216 (Ct.App.1991); *Commonwealth v. Crowley,* 413 Pa.Super. 554, 605 A.2d 1256, 1257 (1992); *Commonwealth v. Burns,* 240 Va. 171, 395 S.E.2d 456, 457 (1990); *see also* Moore ¶ 0.402[1], at 19 (noting general federal rule that "a decision of a panel constitutes a decision of the court and carries the weight of stare decisis in a subsequent case before the same or different panel"). *See generally* 21 C.J.S. *Courts* § 140 (1990). Any other rule would produce unacceptable indeterminacy in the law and would undermine confidence in its institutions. If stare decisis had no application to a multi-panel court such as the court of appeals, it would sanction a judicial system under which the outcome of an appeal presenting a particular legal question would be dependent more on the composition of the panel hearing the case than on whether the

issue has been previously addressed and decided by that court. It is one thing to admit that differences among judges on a particular legal question can exist; it is quite another to sanction variability in the rule of law depending solely on which of several judges of an appellate court sit on a given case.

*Id.* at 1269.

█ The doctrine of stare decisis provides that, as a general rule, "the first decision by a court on a particular question of law governs later decisions by the same court." *Id.* Under that doctrine, "[a] rule of law, whether pre-existing or newly established, that serves as the major premise of an adjudicatory syllogism, necessarily governs all subsequent cases properly falling within the scope of the rule." *Salt Lake Citizens Congress v. Mountain States Tel. & Tel. Co.,* 846 P.2d 1245, 1252 (Utah 1992).

The issue presented in the case at bar is identical in both law and fact to that presented in *Small*. The State seeks review of the attenuation issue, an issue this court decided on the very same facts in *Small*. Accordingly, under the doctrine of stare decisis, we follow the law as set forth in *Small*.

█ In *Small*, we stated that there are several factors to examine in determining if there is sufficient attenuation between the consent and the police illegality: "temporal proximity of the illegality and the evidence sought to be suppressed, the presence of intervening factors, and the purpose and flagrancy of the misconduct." *Small*, 829 P.2d at 132 (quoting *State v. Castner,* 825 P.2d 699, 704 (Utah App. 1992)) (citations omitted). The same facts exist here as in *Small*, which indicate a very short period of time lapse between the stop of the vehicle at the roadblock and the officer's request to search the vehicle, and no intervening factors existing since the consent was obtained during the ongoing roadblock. Accordingly, the "consent to have the vehicle searched was not suffi-

 

ciently attenuated to dissipate the taint of the illegal roadblock." *Id.*

### CONCLUSION

On the basis of the foregoing, Shoulderblade's convictions are reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.

BILLINGS, J., concurs.

JACKSON, J., concurs in the result.