STATE of Utah, Plaintiff and Appellee,

v.

Catrina Marie OTTESEN, Defendant and Appellant.

No. 950425–CA.

Court of Appeals of Utah.

July 11, 1996.

Michael D. Esplin, Aldrich, Nelson, Weight & Esplin, Provo, for Appellant.

Jan Graham, Atty. Gen., and Kenneth A. Bronston, Asst. Atty. Gen., Crim. Appeals Div., Salt Lake City, for Appellee.

Before ORME, BILLINGS and WILKINS, JJ.

## OPINION

BILLINGS, Judge:

Catrina Marie Ottesen appeals a conditional guilty plea of possession of a controlled substance in a drug-free zone, a second degree felony, in violation of Utah Code Ann. § 58–37–8(1)(a)(iv) (Supp.1995). On appeal, defendant argues the trial court erred in denying her motion to suppress. We affirm.

## FACTS

Orem City Police Officer Gary McGiven was patrolling in an unmarked car when a rapidly traveling car pulled within a car length behind him and continued following at that distance for two blocks. After allowing the car to pass, Officer McGiven stopped the car for traveling at an unsafe distance.

The driver and the defendant, who was the passenger/owner of the vehicle, identified themselves to the officer. While asking for the driver's identification, Officer McGiven smelled alcohol on the driver's breath. Officer McGiven noted from the driver's identification that he was a minor. The officer then ran a license and warrants check on the driver and found an outstanding warrant for a speeding violation. Officer McGiven advised the driver of the outstanding warrant and asked him to exit the car. When the driver exited, the officer smelled alcohol more strongly and noticed other signs of intoxication. Officer McGiven called for an alcohol enforcement officer as backup. Within five or ten minutes, Officer Wayne Fish arrived and conducted a field sobriety test on the driver, which he failed.

Either while Officer Fish was conducting the field sobriety test or immediately thereafter, Officer McGiven approached defendant, still sitting in the passenger seat of the car. Officer McGiven had noted that defendant looked underage and her identification, which she displayed upon his request, indicated such. Officer McGiven asked defendant if there was any alcohol in the car. In response, defendant handed him five unopened bottles of beer.

Officer McGiven then gave defendant the option of consenting to a search of the vehicle and receiving a citation for being a minor in possession of alcohol, or being arrested for being a minor in possession of alcohol and having the officers search the vehicle incident to that arrest. Defendant chose not to consent and was arrested. In his search, the officer found marijuana.

Defendant was charged with possession of a controlled substance with intent to distribute in a drug-free zone, illegal drug tax, unlawful possession or use of drug paraphernalia in a drug-free zone, and illegal possession of alcohol. Defendant entered a conditional guilty plea to possession of a controlled substance with intent to distribute in a drug-free zone, preserving her right to appeal the trial court's denial of her motion to suppress. The other charges were dismissed.

## I. FINDINGS

 On appeal, defendant argues the trial court's findings that the driver did not possess a valid driver's license and that the officer observed signs of his intoxication are not supported by the evidence. We review the trial court's factual findings under a clearly erroneous standard. State v. Pena, 869 P.2d 932, 939 n. 4 (Utah 1994). The trial court found that the driver told the arresting officer "he did not have his driver's license with him," and that the arresting officer "testified that he observed signs of intoxication in [the driver] and that [the driver] did not have a driver's license." The court also found, "[w]hile talking with [the driver], [the officer] observed [the driver's] eyes were glazed, his pupils appeared abnormally constricted, and his speech was slow and thick."

 The arresting officer's testimony amply supports the trial court's findings. Moreover, defendant did not offer testimony which

would rebut this evidence. Therefore, we conclude the challenged findings are not clearly erroneous.

## II. UNREASONABLE DETENTION

■ Next, defendant argues she was unreasonably detained in violation of the Fourth Amendment and thus the evidence subsequently found in the search of her vehicle should be suppressed. Defendant claims the officer had no legitimate purpose in asking her identity,[1] in detaining her while a backup police officer arrived to administer a field sobriety test to the driver, and in asking her whether there was alcohol in the car.

■ "[T]he trial court's final determination concerning lawfulness of a detention or search is reviewed for correctness." *State v. White*, 856 P.2d 656, 659 (Utah App.1993). "'[S]topping an automobile and detaining its occupants constitute a "seizure" within the meaning of [the Fourth and Fourteenth] Amendments, even though the purpose of the stop is limited and the resulting detention quite brief.'" *State v. Case*, 884 P.2d 1274, 1276 (Utah App.1994) (alteration in original) (quoting *Delaware v. Prouse*, 440 U.S. 648, 653, 99 S.Ct. 1391, 1396, 59 L.Ed.2d 660 (1979)). "Once a traffic stop is made, the detention 'must ... last no longer than is necessary to effectuate the purpose of the stop.'" *State v. Lopez*, 873 P.2d 1127, 1132 (Utah 1994) (quoting *Florida v. Royer*, 460 U.S. 491, 500, 103 S.Ct. 1319, 1325, 75 L.Ed.2d 229 (1983)). "Investigative questioning that further detains the driver must be supported by reasonable suspicion of more serious criminal activity." *Id.* We note "there is 'no ready test for determining reasonableness other than by balancing the need to search [or seize] against the invasion which the search [or seizure] entails.'" *Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 1879,

20 L.Ed.2d 889 (1968) (citation omitted) (alteration in original).

■ "If reasonable suspicion of more serious criminal activity does arise, ... officers must ' "diligently [pursue] a means of investigation that [is] likely to confirm or dispel their suspicions quickly, during which time it [is] necessary to detain defendant."'" *Lopez*, 873 P.2d at 1132 (quoting *State v. Grovier*, 808 P.2d 133, 136 (Utah App.1991) (quoting *United States v. Sharpe*, 470 U.S. 675, 686, 105 S.Ct. 1568, 1575, 84 L.Ed.2d 605 (1985))) (alteration in original). Moreover, rather than focusing solely on the length of the detention, this court has held there is no " 'bright-line rule as to the acceptable length of a detention because "common sense and ordinary human experience must govern over rigid criteria."'" *Grovier*, 808 P.2d at 136 (quoting *State v. Marshall*, 791 P.2d 880, 884 (Utah App.1990) (quoting *Sharpe*, 470 U.S. at 685, 105 S.Ct. at 1575)).

■ Applying these principles to the facts in the record, we conclude defendant was not unreasonably detained. Within fifteen minutes of the initial stop, the officer checked the driver's and defendant's identification and the vehicle's registration, ran a warrants check on the driver because he had no license and the officer suspected he was intoxicated, and called for a backup officer to perform a sobriety test. The backup officer arrived within five to ten minutes. The trial court found "the question of whether [the driver] was driving under the influence of alcohol or a controlled substance would necessitate extending the duration of the traffic stop for purposes of ensuring public safety." We agree that after smelling alcohol on the driver and observing signs of intoxication, the officer properly and timely investigated his reasonable suspicion that the driver was driv-

---

1. In defendant's brief, she states first that the officer's request for identification from the driver and herself was "valid." However, later in her brief, she contends the officer had no legitimate purpose in asking her identity. Utah case law has recognized that an officer may ask the passenger for identification in certain circumstances. *See, e.g., State v. Higgins*, 884 P.2d 1242, 1243 (Utah 1994); *State v. Hubbard*, 861 P.2d 1053, 1054 (Utah App.1993); *State v. Shoulderblade*, 858 P.2d 1049, 1051 (Utah App.1993),

*affirmed*, 905 P.2d 289, 295 (Utah 1995). In this case, once the officer discovered the driver was not the registered owner of the vehicle, but that a woman was, the officer had a legitimate purpose in ascertaining whether or not defendant was the owner. *See State v. Johnson*, 805 P.2d 761, 764 (Utah 1991) (finding officer, after discovering neither driver nor passenger were registered owner of vehicle, should have exercised right to inquire about registered owner).

ing under the influence of alcohol in violation of Utah Code Ann. § 41–6–44.4 (1993).

Furthermore, at the time of the officer's investigation as to the driver's intoxication, the officer had a reasonable suspicion that both the driver and defendant were minors in possession of alcohol, in violation of Utah Code Ann. § 32a–12–209 (1994). The officer had smelled alcohol on the driver, reasonably believed both the driver and defendant were minors, and knew defendant was the owner of the vehicle. The officer needed only articulable facts indicating defendant's possession, not consumption, of alcohol. We conclude the officer had reasonable suspicion that defendant was a minor in possession of alcohol which gave the officer a legitimate purpose for detaining defendant and asking her if there was alcohol in the car.[2]

**2.** Defendant relies on unreasonable detention cases that are factually distinguishable from the case before us. In each of those cases, the detention was unreasonable because the officer did not have an articulable suspicion of criminal activity as to the defendant. *See State v. Johnson*, 805 P.2d 761, 764 (Utah 1991) (holding warrants check on passenger before officer inquired as to registered owner of suspected stolen car was unreasonable because officer had not formed reasonable articulable suspicion that defendant was engaged in any criminal activity);

## CONCLUSION

Based upon the foregoing, we conclude defendant's detention was supported by reasonable suspicion of criminal activity and was therefore not unreasonable. Therefore, we affirm the trial court's denial of defendant's motion to suppress and affirm defendant's conviction.

ORME, P.J., and WILKINS, J., concur.

*State v. Schlosser*, 774 P.2d 1132, 1135 (Utah 1989) (concluding officer's opening of passenger's door without reasonable suspicion of criminal activity exceeded scope necessary for traffic stop); *State v. Godina–Luna*, 826 P.2d 652, 655 (Utah App.1992) (concluding once officer determined passengers of vehicle, pulled over for possible intoxication, were sober, officer exceeded authority by interrogating defendants without reasonable articulable suspicion of criminal activity).