573 A.2d 222

**COMMONWEALTH of Pennsylvania**

**v.**

**Israel LISBOY a/k/a Israel Lisboa, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 23, 1990.

Filed April 18, 1990.

Petition for Allowance of Appeal
Granted Aug. 20, 1990.

412

John A. Ryan, Philadelphia, for appellant.

Deborah Fleisher, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before CIRILLO, President Judge, and WIEAND and BROSKY, JJ.

BROSKY, Judge.

Israel Lisboy appeals from the judgment of sentence of the trial court following his bench trial conviction of possession of a controlled substance with intent to deliver. He

was sentenced to a three-to-six year term of imprisonment and fined fifteen thousand dollars. A mandatory minimum sentence of three years and the fine were imposed because appellant was convicted of 35 P.S. § 780–113(a)(30) (possession with intent to deliver), and, since 18.77 grams of a mixture containing cocaine were involved, the mandatory minimum sentencing provisions of 18 Pa.C.S. § 7508(a)(3)(ii) were applicable. We affirm the judgment of sentence of the trial court.

Appellant owned and operated a grocery-variety store in the city of Philadelphia. At approximately 1:30 p.m. on August 30, 1988, an undercover police officer entered the store and stated that he desired to purchase cocaine from appellant. Appellant sold the officer two clear plastic packets containing a white powder later determined to contain cocaine. The officer left the store.

At approximately 2:45 p.m. on the same day, different officers possessing a search warrant entered the grocery store. When appellant observed the officers, he dropped a packet of white powder containing cocaine. A search of the premises revealed one hundred and seven more clear plastic packets of white powder containing cocaine, a .38 caliber revolver, a tin box containing $1,113.00, six packages of Manitol (a cutting agent which a seller of cocaine mixes into the controlled substance in order to expand the amount to be sold to a buyer) and drug paraphernalia. The total weight of the white powder containing cocaine seized was 18.77 grams.

Appellant claims on appeal that the trial court erred (1) in sentencing appellant pursuant to 18 Pa.C.S. § 7508 since the Commonwealth failed to produce any evidence relating to the illegal "substance"; (2) in sentencing appellant contrary to the proper interpretation of 18 Pa.C.S. § 7508; appellant's prior counsel was ineffective in not petitioning for Reconsideration of Sentence since (3) § 7508 fails to give reasonable notice of the penalty to be applied and is vague; and (4) the provisions of § 7508 were not strictly construed by the trial court.

Appellant first claims that the trial court erred in sentencing appellant pursuant to 18 Pa.C.S. § 7508(a)(3)(ii) since the trial court classified the 18.77 grams of white powder containing cocaine as a "substance" rather than a "mixture." Appellant further argues that the mandatory minimum sentence only applies in the instant case if the "substance" (pure cocaine) involved is at least 10 grams and less than 100 grams. Appellant contends that a "mixture" of cocaine and a non-controlled substance cannot be used to determine the weight of the "substance" for sentencing purposes under § 7508.

18 Pa.C.S. § 7508 states, in pertinent part, that:

(a) Notwithstanding any other provisions of this or any other act to the contrary, the following provisions shall apply.

(3) A person who is convicted of violating section 13(a) ... (30) of The Controlled Substance, Drug, Device and Cosmetic Act *where the controlled substance is coca leaves or is any salt, compound, derivative or preparation of cocoa leaves or is any salt, compound, derivative or preparation which is chemically equivalent or identical with any of these substances or is any mixture containing any of these substances* except decocainized coca leaves or extracts of coca leaves which (extracts) do not contain cocaine or ecgonine shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and a fine as set forth in this subsection; (ii) upon the first conviction when the amount of the *substance* involved is at least ten grams and less than 100 grams; three years in prison and a fine of $15,000.... (Emphasis added)

█ 1 Pa.C.S. § 1903(a) states that, "Words and phrases [in statutes] shall be construed according to their common and approved usage[.]" In attempting to ascertain the meaning of a statute, we are required to consider the intent of the legislature and are permitted to examine the practical consequences of a particular interpretation. *Commonwealth v. Stewart*, 375 Pa.Super. 585, 544 A.2d 1384 (1988).

We are to presume that the General Assembly did not intend a result that is absurd or unreasonable. *Commonwealth v. Martorano*, 387 Pa.Super. 151, 563 A.2d 1229 (1989). Words are to be given their obvious meaning unless a different meaning is clearly intended. *Frenchak v. Sunbeam Coal Corp.*, 344 Pa.Super. 37, 495 A.2d 1385 (1985).

Our review of the legislative history of House Bill 668, Act 1988–31, of which § 7508 is a part, revealed that there were no remarks regarding the portions of § 7508 under consideration in the instant case. Our review of caselaw reveals that this is a case of first impression.

But we believe the language of § 7508 is clear and explicit. When the language of a statute is clear and unambiguous, the judiciary must interpret the provisions according to their plain meaning and common usage. *Commonwealth v. Larkin*, 518 Pa. 225, 542 A.2d 1324 (1988); *Commonwealth v. Bell*, 512 Pa. 334, 516 A.2d 1172 (1986). When the statute's meaning is plain, we are not to resort to rules of statutory interpretation or look to the legislative history when doing so would alter the plain meaning of the statute. *Commonwealth v. Larkin, supra.*

None of the parties dispute that the white substance possessed by appellant contained cocaine. 18 Pa.C.S. § 7508(a)(3) clearly defines the controlled "substance" as coca leaves or derivatives of coca leaves which retain the cocaine or ecgonine, *or "any 'mixture' containing any of these substances."* The mixture in the instant case consisted of cocaine and Manitol, although we are not privy to the exact proportionate quantity of each component. Therefore, substance, as used in this statute, includes a mixture of cocaine and a matter other than cocaine. Hence, when § 7508(a)(3)(ii) refers to the weight of the substance, it is referring to the weight of the cocaine plus the matter that the cocaine is mixed with. Appellant asks us to read § 7508(a)(3)(ii), which only uses the word "substance," in a vacuum. If we were attempting to determine legislative intent, we would read the different sections of a statute

together and construe them with reference to the entire statute. *Commonwealth v. Klinger,* 369 Pa.Super. 526, 535 A.2d 1060 (1987). As mixture is encompassed in the definition of substance in § 7508(a)(3), then the word substance in § 7508(a)(3)(ii) clearly includes mixtures of cocaine and other matter. In our view, the meaning of the statute is clear and unambiguous and there is no need to resort to rules of statutory interpretation or look to the legislative history of § 7508.

The Federal Comprehensive Drug Abuse Prevention and Control Act of 1970 contains a provision that deals with the trafficking of cocaine and it is substantially similar to Pennsylvania's statute. 21 U.S.C.A. § 841 states, in pertinent part:

(a) [I]t shall be unlawful for any person knowingly or intentionally—

(1) to ... possess with intent to ... distribute, or dispense, a controlled substance[.]

(b) Penalties. [A]ny person who violates subsection of this section shall be sentenced as follows:

(1)(A) In the case of a violation of subsection (a) of this section involving—

(ii) 5 kilograms or more of a *mixture or substance containing a detectable amount of—*

(I) *coca leaves,* ...;

(II) *cocaine, its salts,* ...;

(III) *ecgonine, its derivatives,* ...; *or*

(IV) *any compound, mixture, or preparation which contains any quantity of any of the substance ... referred to in subclauses (I) through (III);*

.     .     .     .     .

[S]uch person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life ... [Emphasis added].

At present, we are aware of no federal caselaw that addresses the issue in the instant case. The federal statute uses the words substance and mixture interchangeably. If

cocaine is present in a mixture, the total weight of the mixture is used in a determination of whether a mandatory minimum sentence must be imposed. Any other result would be unreasonable since a seller of the mixture represents that he is offering cocaine and not a mixture containing a specified quantity of cocaine. Aside from the illegality of the cocaine, this situation is analogous to that of a bartender selling a mixed drink to a customer; the bartender represents the product as an alcoholic beverage, although the mixture contains water, flavoring, etc. in addition to the alcohol.

We find that the trial court properly sentenced appellant. The Commonwealth produced evidence of the weight of the mixture containing cocaine, and this is the proper weight to consider in a determination of whether a mandatory minimum sentence must be imposed.[1]

Appellant's second claim is that the trial court improperly sentenced appellant since it misconstrued the statute's usage of the words mixture and substance. We find that this issue has been addressed in issue number one.

Appellant's third claim is a bald allegation that his prior counsel was ineffective in not petitioning for Reconsideration of Sentence since the portion of 18 Pa.C.S. § 7508 analyzed in issue number one was so vague that it failed to give him reasonable notice of the penalty for possession of cocaine with intent to deliver.

1. Although the Sentencing Guidelines, 204 Pa.Code Ch. 303, promulgated by the Pennsylvania Commission on Sentencing, are superseded by the mandatory minimum sentencing provisions of 18 Pa.C.S. § 7508, an examination of two sections of the guidelines may be helpful. 204 Pa.Code § 309.9(c)(1) states that, "Violations of the Controlled Substance, Drug, Device and Cosmetic Act (35 Pa. §§ 780–101 to 780–144) [appellant was convicted of 35 P.S. § 780–113(a)(30) ] are assigned guideline sentence ranges according to this subsection. (1) If any mixture or compound contains any detectable amount of a controlled substance, the entire amount of the mixture or compound shall be deemed to be composed of the controlled substance...." The Sentencing Guidelines also provide for sentencing in the aggravated range when the drug involved in a violation of the Controlled Substance ... Act is "of exceptional purity such as cocaine in 'crack' form[.]" 204 Pa.Code § 303.3(b)(1).

418

We have already determined that the language in § 7508 was clear and explicit and, therefore, find this issue to be devoid of merit.

Appellant's final claim is that his prior counsel was ineffective in not petitioning for Reconsideration of Sentence since the portion of § 7508 analyzed in issue number one was improperly interpreted by the trial court. This issue was previously addressed in issue number one and, therefore, we find it to be devoid of merit.

Judgment of sentence affirmed.