605 A.2d 1256

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Dennis CROWLEY a/k/a John D. Crawley, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 21, 1992.

Filed April 6, 1992.

Michael J. Healey, Pittsburgh, for appellant.

Sandra Preuhs, Asst. Dist. Atty., Pittsburgh, for Com.

Before CAVANAUGH, POPOVICH and MONTGOMERY, JJ.

POPOVICH, Judge:

The appellant, Dennis Crowley, has perfected an appeal from the judgment of sentence (3 to 6 years imprisonment) for possession with intent to deliver a controlled substance (cocaine).[1] We affirm.

Initially, the appellant claims that the court below erred in basing its application of the mandatory sentencing statute (18 Pa.C.S.A. § 7508(a)(3)(i)) on the *total mixture* of cocaine and other non-controlled substances found in his possession.

It is the appellant's position that, although there was a total of 37.31 grams of white powder seized, his sentence should have been based solely upon the 2.61 grams of pure cocaine contained in the powder found.

The appellant concedes, as he must, that in *Commonwealth v. Lisboy*, 392 Pa.Super. 411, 573 A.2d 222 (1990), allocatur granted, 525 Pa. 655, 582 A.2d 322 (1990), a panel of this Court held that:

... substance, as used in [18 Pa.C.S.A. § 7508(a)(3)(ii) ], includes a mixture of cocaine and a matter other than cocaine. Hence, when § 7508(a)(3)(ii) refers to the weight

---

1. The appellant was also sentenced 30 days to 1 year for driving while under the influence of alcohol. This was to be served concurrently with the sentence issued for possession with intent to deliver cocaine. As to the remaining drug counts, the court made a determination of guilt without further penalty.

of the substance, it is referring to the weight of the cocaine plus the matter that the cocaine is mixed with. * * * As mixture is encompassed in the definition of substance in § 7508(a)(3), then the word substance in § 7508(a)(3)(ii) clearly includes mixtures of cocaine and other matter.

> \*      \*      \*      \*      \*      \*

If cocaine is present in a mixture, the total weight of the mixture is used in a determination of whether a mandatory minimum sentence must be imposed.

392 Pa.Super. at 416–17, 573 A.2d at 224. Accord *Commonwealth v. Perez*, 397 Pa.Super. 574, 580 A.2d 781 (1990).

Although the appellant challenges the sentence imposed under 18 Pa.C.S.A. § 7508(a)(3)(i), the mandatory minimum sentencing language is *identical* under both subparagraphs (i) and (ii) of Section 7508. Therefore, we find it prudent to take our direction from *Lisboy* in deciding the course to pursue.

Stated differently, precedent (*stare decisis*) requires us to adhere to a ruling of this Court until it is reversed either by our Supreme Court or an en banc panel of Superior Court. Given the absence of either event, we are bound by the logic of *Lisboy*, supra. As a result, we find unpersuasive the appellant's claim that Section 7508 requires a sentence to be premised upon the pure weight of cocaine and not the total weight (of the cocaine and the additive) in the product.

Lastly, the appellant contends that the mandatory sentencing statute (§ 7508(a)(3)(i)) is violative of the due process clauses of the Pennsylvania and United States Constitutions.

While the constitutionality of Section 7508 has yet to be addressed by an appellate court in this Commonwealth, we find guidance from some federal and sister-state decisions in disposing of the claim raised.

In *United States ex rel. Daneff v. Henderson*, 501 F.2d 1180 (2d Cir.1974), the court was reviewing the appellant's plea of guilty to possessing an 18–ounce mixture of cocaine. On appeal, he contended that a New York statute was violative of the equal protection and due process clauses of the United States Constitution.

The appellant argued that the sanctions imposed for possession of a quantity of pure cocaine and possession of the same quantity of cocaine mixed with a diluent resulted in disparate penalties unjustified under the law, the latter carrying heavier sanctions. In response, the Second Circuit Court of Appeals wrote:

> ... appellant's argument proves both too much and too little. Too much, in the sense that, by accepting appellant's own premise that narcotics such as heroin and cocaine are generally marketed in mixtures or compounds, it does not seem unreasonable or irrational for a legislature to deal realistically with the marketing of the mixture or compound rather than the handling of the pure narcotic. Too little, in the sense that while it may not be wise to let the possessor of the pure or a purer product escape with a lighter penalty than that going to the possessor of the drug in its ordinary marketable form, it is not necessary for a legislature to attempt to eradicate all evil, but only part of it; as the Court said in *Pennsylvania v. Ashe*, 302 U.S. 51, 55, 58 S.Ct. 59, 60, 82 L.Ed. 43 (1937), "The comparative gravity of criminal offenses and whether their consequences are more or less injurious are matters for [the state's] determination." No doubt the New York legislature, when it adopted the statutory scheme here in question ... had in mind a more flexible pattern of handling drug offenses ... considering that possessors of greater quantities of drugs should be punished more seriously because they are more likely to be dealers or to be capable of becoming such than possessors of smaller quantities, or because the greater quantities present a greater threat to society. Certainly to this extent the legislation cannot be treated as irrational.

Taking the additional knowledge that heroin and cocaine at least are generally marketed in a diluted or impure state, the rationale of striking at the mixture or compound rather than at the pure quantity involved becomes evident: the possessor of 50 "bags" of five per cent pure heroin should arguably be punished no differently from a possessor of 50 bags with 10 per cent heroin. The State cannot be expected to make gradations and differentiations and draw distinctions and degrees so fine as to treat all law violators with the precision of a computer....

\* \* \* \* \* \*

Suffice it to say[,] in the case of heroin and cocaine possession offenses[,] we do not view the New York statutes that were applied in this case unconstitutional on their face.

501 F.2d at 1184, 1185. Accord *State v. Yu,* 400 So.2d 762, 764–765 (Fla.1981); *People v. Mayberry,* 63 Ill.2d 1, 345 N.E.2d 97, cert. denied, 429 U.S. 828, 97 S.Ct. 87, 50 L.Ed.2d 92 (1976); see also *Sheriff, Humboldt County v. Lang,* 104 Nev. 539, 763 P.2d 56 (1988). In *Lang,* the Supreme Court of Nevada was asked to respond to a claim of ambiguity directed at a drug statute which proscribed possession of "28 grams or more". The court agreed that the statute was ambiguous. Nonetheless, the court took the less restrictive view of interpretation and concluded:

The legislature enacted NRS 453.3395 to deter the large-scale distribution of controlled substances, thus decreasing the number of persons potentially harmed by the drug use. We note, however, that controlled substances are typically sold in a diluted state. In cases such as this, where the controlled substance has been "cut," the substance is rendered more harmful to society because the dilution increases the potential number of persons who will partake of the proscribed controlled substance. The increased potential for harm to society justifies the imposition of more severe penalties for the possession of large amounts of a diluted controlled substance than for smaller amounts of a pure controlled substance. Further, the

possession of large amounts of a diluted controlled substance indicates an intent to engage in the large-scale distribution of controlled substances, the very conduct that NRS 453.3395 is designed to deter. In accordance with the legislative policy underlying NRS 453.3395, we conclude that the phrase "28 grams or more" refers to the aggregate weight of the entire mixture rather than the weight of the controlled substance that is contained in the mixture.

763 P.2d at 58–59 (Citations omitted).

The appellant here, as in *Daneff,* postulates that the statute, as applied, violates due process principles because:
... an individual with eight (8) grams of pure cocaine would face only a one (1) year mandatory sentence, whereas an individual with twenty (20) grams of a mixture containing ten percent (10%) cocaine (2 grams pure cocaine) would face a three (3) year mandatory minimum.

Appellant's Brief at 8.

At bar, the appellant was found to be in possession of 37.31 grams of a powder which, when tested, proved to contain 2.61 grams of cocaine. Consequently, the appellant argues that his sentence of 3–6 years imprisonment was fundamentally unfair since a person in possession of an "uncut" quantity of cocaine (2.61 grams) would not receive as severe a sentence. We do not agree.[2]

Our inquiry under both federal and state due process clauses is the same, i.e., whether there is a rational basis for the classifications drawn by the Pennsylvania legislature. See *McGinnis v. Royster,* 410 U.S. 263, 270, 93 S.Ct.

2. It is true that Section 7508(a)(3)(i) requires the imposition of a mandatory minimum sentence of *1 year in prison* for possession of at least 2.0 grams of cocaine. However, if at the time of sentencing a defendant has been convicted of another drug offense, *which was the case here,* the sentence could be increased to a minimum of 3 years. Therefore, the appellant's *prior drug offense (cocaine) 18 Pa.C.S.A. § 7508(a.1) (Supp.1991–92)* triggers Section 7508(a)(3)(i) so as to legitimize the term of imprisonment the appellant contests as unconstitutionally imposed. We find to hold to the contrary would be inconsistent with the plain reading of Section 7508 and case law interpreting it. See *Lisboy,* supra.

1055, 35 L.Ed.2d 282 (1973); *Daneff*, supra; cf. *Novak v. Com., Unemployment Comp. Bd. of Review,* 73 Pa. Cmwlth. 148, 457 A.2d 610 (1983) (Test for substantive due process is whether challenged law has a rational relation to valid state objective(s)); 7A P.L.E. Constitutional Law, § 273 (Rights protected by due process: legislature may make a classification which bears a reasonable and just relation to the act in respect to which it is imposed).

A review of the legislative history of House Bill 668, Act 1988–31, of which Section 7508 is a part, reveals no remarks regarding the objective to be achieved with the passage of Section 7508.[3] Notwithstanding this point, we find insightful the fact that cocaine or, more accurately, cocaine hydrochloride, is marketed, as evidenced by, e.g., *Turner v. United States,* 396 U.S. 398, 401, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970), in a mixture often containing as low a percentage as 5 per cent or less of narcotics.

No doubt the Pennsylvania legislature was cognizant, when enacting Section 7508, that cocaine is marketed, generally, in a diluted or impure state. *Lisboy,* supra. Thus, the "State cannot be expected to make gradations and

---

**3.** 18 Pa.C.S. § 7508 reads, in pertinent part:

*(a) General rule.*—Notwithstanding any other provisions of this or any other act to the contrary, the following provisions shall apply: (3) A person who is convicted of violating section 13(a) ... (30) ... of The Controlled Substance, Drug, Device and Cosmetic Act *where the controlled substance is coca leaves or is any salt, compound, derivative or preparation of coca leaves or is any salt, compound, derivative or preparation which is chemically equivalent or identical with any of these substances or is any mixture containing any of these substances* except decocainized coca leaves or extracts of coca leaves which (extracts) do not contain cocaine or ecgonine shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and a fine as set forth in this subsection:

(i) when the aggregate weight of the compound or mixture containing the substance involved is a least 2.0 grams and less than ten grams; one year in prison and a fine of $5,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense: three years in prison and $10,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity....

18 Pa.C.S.A. § 7508 (Supp.1991) (Emphasis added).

differentiations and draw distinctions and degrees so fine as to treat all violators with the precision of a computer." *Daneff,* supra, 501 F.2d at 1184.

We find that Section 7508 was enacted to deal with an ever burgeoning area of criminal activity—a drug epidemic, the effect of which pervades every aspect of our daily lives. Thus, in dealing with the drug problem, the realities of drug trafficking are not to be ignored, e.g., that cocaine is sold in a diluted form by dealers for the explicit purpose of securing more revenue for their product.

Therefore, an individual in possession of a large quantity of a drug (be it with or without a diluent) exposes himself or herself to more punishment than one in possession of a small quantity, given that in the former instance the actor is more likely to be a dealer and in the latter case a user. Id. Accordingly, we will not fault the legislature for treating individuals in possession of large quantities of drugs (be they pure or diluted) more harshly than those in possession of a small quantity—e.g., less than 2.0 grams. The rationale for the escalation in penalty is proportionate to the likelihood that a large quantity of "cut" cocaine is destined to be sold and not possessed for personal use. Thus, the differentiation in treatment is constitutionally valid; to-wit:

... even if a statute is imprecise, a person who is given fair warning that his conduct is criminal in nature has no standing to complain that other persons who engage in a different course of conduct may not constitutionally be prosecuted [to the same extent] under that statute.

*Commonwealth v. Potts,* 314 Pa.Super. 256, 460 A.2d 1127, 1135 (1983) (Citations omitted).

Suffice it to say, we do not embrace the appellant's constitutional argument to undermine the enforceability of Section 7508 for sentencing purposes. The statute, as applied in this case, is not viewed as unconstitutional either on its face or as applied.

Judgment of sentence affirmed.