J-S07009-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HARRY E. NEGRON-PIZARRO | |
| Appellant | No. 1001 MDA 2014 |

Appeal from the Judgment of Sentence Entered January 30, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0004768-2011

BEFORE:  BENDER, P.J.E., OLSON and OTT, JJ.

CONCURRING STATEMENT BY OLSON, J.:        **FILED FEBRUARY 24, 2015**

I am constrained to concur with the learned Majority's conclusion that we are required to vacate Appellant's sentence and remand for resentencing without consideration of the mandatory minimum sentence set forth in 18 Pa.C.S. § 7508.  I write separately, however, to address the Commonwealth's argument with respect to the severability of Section 7508(b) from the rest of Section 7508.  In declining to consider this argument, the learned Majority states that "[t]he unanimous nature of our decision in *[Commonwealth v.] Vargas*[, 2014 WL 7447678 (Pa. Super. Dec. 31, 2014) (*en banc)*] with regard to the unconstitutionality of the entirety of Section 7508 due to the *Alleyene [v. United States*, 133 S.Ct. 2151 (2013)]-offending subsection, Section 7508(b), leaves us unpersuaded by the Commonwealth's argument that *[Commonwealth v.] Newman*[, 99

A.3d 86 (Pa. Super. 2014) (*en banc*)] was wrongly decided on the question of severability." Majority at 5-6.

I respectfully disagree with this statement as I continue to believe that **Newman** was wrongly decided on the issue of severability. In **Newman**, I joined the concurring opinion in which our esteemed colleague, Judge Sallie Mundy, concluded that the burden of proof aspects of the mandatory minimum statutes affected by **Alleyne** are indeed severable. **Newman**, 99 A.3d at 104-106.[1] As the author of **Vargas**, I was bound by the precedent set by **Newman**, notwithstanding any contrary views expressed therein, and its progeny in finding that the mandatory minimum sentence imposed on the appellant pursuant to Section 7508 was unconstitutional and, therefore, had to be vacated. **Commonwealth v. Brigidi**, 6 A.3d 995, 1001 (Pa. 2010), *quoting* **Commonwealth v. Crowley**, 605 A.2d 1256, 1257 (Pa. Super. 1992) ("precedent (*stare decisis*) requires us to adhere to a ruling of this Court until it is reversed either by our Supreme Court or on *en banc* panel of Superior Court").[2]

_____

[1] In addition to Judge Mundy's concurring opinion in **Newman**, I agree with the cogent and thorough analysis of the severability issue articulated by our esteemed colleague, Judge Mary Jane Bowes, in her concurring opinion in **Commonwealth v. Bizzel,** 2014 WL 6756277 at 4-11.

[2] I note that our Supreme Court is currently considering the severability issue. **See Commonwealth v. Wilson**, 9 WAP 2014, and related cases.

For these reasons, I am compelled to concur in the result reached by the Majority.