J-S03043-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| SHAQUANN SMITH | |
| Appellee | No. 2158 EDA 2014 |

Appeal from the PCRA Order July 14, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0002553-2012

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., and OTT, J.

MEMORANDUM BY OTT, J.:                           **FILED MAY 26, 2015**

The Commonwealth appeals from the order entered July 14, 2014, in the Court of Common Pleas of Delaware County, granting Shaquann Smith relief under the Post-Conviction Relief Act ("PCRA").[1]  The Commonwealth raises one issue on appeal:  "Did the PCRA court err when it held that [Smith]'s prior juvenile adjudications for Attempted Rape, Burglary, and Robbery are not considered felony convictions when sentencing a defendant for a plea to Persons Not to Possess a Firearm?"  Commonwealth's Brief at 2. Based on the following, we affirm.

---

[1]  42 Pa.C.S. §§ 9541-9546.

The underlying facts and procedural history are as follows. Smith was charged with persons not to possess firearms, firearms not to be carried without a license, possessing an instrument of crime, and possessing an offensive weapon[2] in connection with an incident that occurred on November 18, 2011. On September 27, 2012, Smith entered an open plea to the charge of persons not to possess firearms,[3] having previously been adjudicated delinquent in 2008 as a result of his participation in a robbery. The offense was graded as a felony of the second degree pursuant to 18 Pa.C.S. §6105(a.1)(1).[4] The Commonwealth withdrew the remaining

_____

[2] 18 Pa.C.S. §§ 6105(a)(1), 6106(a)(1), 907(a), and 908(a), respectively.

[3] A crime under Section 6105(a)(1) is defined as follows:

> A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S. § 6105(a)(1).

[4] Section 6105(a.1)(1) provides the penalty for committing the offense as follows:

> (1) A person convicted of a felony enumerated under subsection (b) or a felony under the act of April 14, 1972 (P.L.233, No.64), known as The Controlled Substance, Drug, Device and Cosmetic Act, or any equivalent Federal statute or equivalent statute of any other state, who violates subsection (a) commits a felony of the second degree.

*(Footnote Continued Next Page)*

charges. That same day, the trial court sentenced Smith a term of 30 to 72 months' incarceration, plus four years of consecutive probation.

Smith did not file a direct appeal, but did file a timely *pro se* PCRA petition on September 18, 2013. The court appointed counsel, who subsequently filed a petition to withdraw, and included therein a no-merit letter under **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court granted counsel's motion to withdraw and entered a Pa.R.Crim.P. 907 notice of intent to dismiss the petition without a hearing on April 2, 2014.

Thereafter, on May 12, 2014, the PCRA court vacated its April 2, 2014, Rule 907 "intent to dismiss" order and instructed defense counsel to file an amended PCRA petition within 20 days of the order. Counsel filed an amended petition on May 22, 2014, based on this Court's recent decision in **Commonwealth v. Hale**, 85 A.3d 570 (Pa. Super. 2014). Pursuant to **Hale**, Smith argued that his conviction should have been graded as a misdemeanor of the first degree because his prior juvenile adjudications were not considered predicate convictions under 18 Pa.C.S. § 6105(b), which would qualify him for the higher grading. The PCRA court agreed and, on July 14, 2014, granted his amended petition, vacated the sentence, and

_____
*(Footnote Continued)* _____

18 Pa.C.S. § 6105(a.1)(1).

ordered a new sentencing hearing. The Commonwealth filed a timely notice of appeal.

In its sole issue, the Commonwealth complains the PCRA erred in finding that the offense to which Smith plead guilty was erroneously designated a second-degree felony, resulting in an illegal sentence.[5] Specifically, the Commonwealth contends the court's reliance on *Hale* is misplaced because *Hale* misconstrues the plain language of Section 6105 as to whether adjudications should be considered convictions for purposes of grading. *See* Commonwealth's Brief at 6-12. Moreover, the Commonwealth asserts the PCRA court, and the *Hale* Court, failed to follow the Pennsylvania Supreme Court's decision in *Commonwealth v. Baker*, 614 A.2d 663 (Pa. 1992), which held that based on the principles of individualized sentencing, juvenile adjudications could be considered "convictions" for sentencing purposes. *See* Commonwealth's Brief at 13-16.

"Our standard of review of the PCRA court's grant of relief is clear: we examine whether the court's findings are supported by the record and whether its conclusions of law are free from legal error." *Commonwealth v. Williams*, 105 A.3d 1234, 1239 (Pa. 2014) (citation omitted).

---

[5] "'A claim that the court improperly graded an offense for sentencing purposes implicates the legality of a sentence.'" *Commonwealth v. Mendoza*, 71 A.3d 1023, 1027 (Pa. Super. 2013), *quoting Commonwealth v. Pantalion*, 957 A.2d 1267, 1271 (Pa. Super. 2008).

Initially, we note the Pennsylvania Supreme Court recently granted allowance of appeal in **Hale** to address this exact issue:

> Did the Superior Court err, in a published decision, by contradicting this Court's controlling precedent holding that prior adjudications of delinquency are relevant at sentencing?

**Commonwealth v. Hale**, __ A.3d. __, 2014 Pa. LEXIS 1623 [100 EAL 2014] (Pa. July 2, 2014). We recognize this area of our jurisprudence has been called into question. Nevertheless, we are bound by *stare decisis* to adhere to the law in its current state. **See Commonwealth v. Brigidi**, 6 A.3d 995, 1001 (Pa. 2010), *quoting* **Commonwealth v. Crowley**, 605 A.2d 1256, 1257 (Pa. Super. 1992) ("precedent (*stare decisis*) requires us to adhere to a ruling of this Court until it is reversed either by our Supreme Court or on *en banc* panel of Superior Court").

Accordingly, after a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable James P. Bradley, we conclude the Commonwealth's argument merits no relief. The PCRA court opinion comprehensively discusses and properly disposes of the question presented. **See** PCRA Court Opinion, 8/4/2014, at 2-8 (determining (1) **Hale** is controlling and held that (a) consistent with the technical and popular meaning of a conviction, juvenile adjudications are not

generally considered convictions,[6] (b) the legislature recognized the distinction between conviction and juvenile adjudication in certain subsections of Section 6105,[7] (c) pursuant to the language in Section 6105, a "prior juvenile adjudication is not a disqualifying prior conviction that raises the grade of a conviction for possessing a firearm from a misdemeanor of the first degree to a second degree felony;"[8] and (d) the default grading provision for firearms offenses as set forth in 18 Pa.C.S. § 6119 is applicable and pursuant to that section, where the disqualifying prior conviction is a juvenile adjudication, the perpetrator is guilty of a first-degree misdemeanor; and (2) as explained in **Hale**, **Baker** is not applicable because that matter concerned whether a juvenile adjudication may be considered by the court when fashioning an appropriate sentence **within** a statutory maximum or grade and did not discuss the applicability of the adjudication to an increase of the grading). Accordingly, we affirm on the basis of the PCRA court's opinion.

Order affirmed.

---

[6] **See** 42 Pa.C.S. § 6354(a)("An order of disposition or other adjudication in a proceeding under this chapter is not a conviction of crime[.]").
[7] **See** 18 Pa.C.S. § 6501(c)(7-8).

[8] PCRA Court Opinion, 8/4/2014, at 6.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/26/2015

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA    :   CP-23-CR-2553-2012
    :
vs.    :
    :
SHAQUANN SMITH    :
    :

D. Daniel Woody, Esquire, on behalf of the Commonwealth
Scott D. Galloway, on behalf of the Petitioner

## O P I N I O N

Bradley, J.                         FILED: 8/4/2014

Petitioner, Shaquann Smith, was charged with possessing a 12 Gauge Remington shotgun in violation of 18 Pa.C.S.A. §6105(A)(1), firearms not to be carried without a license (18 Pa.C.S.A. § 6106(A)(1)) , possessing an instrument of crime (18 Pa.C.S.A. § 907(A)) and possessing an offensive weapon (18 Pa.C.S.A. § 908(A)) in connection with an incident that occurred on November 18, 2011. On September 27, 2012 he pled guilty to possessing the firearm in question in violation of Section 6105 of the Crimes Code, Persons not to possess, use, manufacture, control, sell or transfer firearms, having previously been adjudicated delinquent in 2008 as a result of his participation in a robbery. Although the length of his sentence was not negotiated, the Commonwealth agreed to withdraw the remaining charges. At sentencing this offense was designated a felony of the second degree and a sentence of

2014 AUG -5 AM 11:54

RECEIVED
D.A.'S OFFICE
APPEALS UNIT

two and one half to six years of incarceration to be followed by four years of probation was imposed.

Petitioner did not appeal from judgment of sentence. On September 18, 2013 he filed a *pro se* PCRA petition and PCRA counsel was appointed. Appointed Counsel filed an application to withdraw along with a "no-merit" letter and on April 2, 2014 the Court granted counsel's application and gave Petitioner notice of its intent for dismiss the PCRA petition without a hearing. However, on May 2, 2014 the April 2nd Order was vacated and PCRA counsel was ordered to file an amended PCRA petition on Petitioner's behalf. PCRA counsel complied and filed an amended petition on May 22, 2014. The Commonwealth was directed to respond and on June 25, 2014 the "Commonwealth's Answer to Amended Post-Conviction Relief Act Petition" was filed.

After considering the allegations set forth in the amended petition and the Commonwealth's response, and after a review of the record, the Court concluded that no genuine issues of material fact existed and that the Petitioner was entitled to relief. On July 14, 2014 PCRA relief was granted and a new sentencing hearing was scheduled. The Commonwealth here appeals from that Order, necessitating this Opinion.

In its Concise Statement of Errors Complained of on Appeal the Commonwealth claims that the PCRA court erred when it concluded that at sentencing the offense to which Petitioner plead guilty was erroneously designated a second degree felony, rendering the sentence imposed illegal.[1]

---

[1] Section 9543(a)(2)(vii) provides relief to a Petitioner where the sentence imposed is greater than the lawful maximum. See 42 Pa.C.S.A. § 9543(a)(2)(vii).

2

In Commonwealth v. Hale, 85 A.3d 570 (Pa. Super. 2014) the defendant was found guilty of possessing a handgun although a prior juvenile adjudication prohibited him from possessing a firearm. He was sentenced to five to ten years of incarceration on this charge based on the trial court's determination that the defendant's prior juvenile adjudication raised the grade of the offense to a second-degree felony pursuant to 18 Pa.C.S.A. 6105(a.1)(1). On appeal the defendant argued that a juvenile adjudication did not raise the grade of this offense to a second degree felony. Rather, the default grading provision for firearm offenses that is set forth in Section 6119 is applicable and pursuant to that section a person who possesses a firearm in violation of Section 6501 where the disqualifying prior conviction is a juvenile adjudication is guilty of a misdemeanor of the first degree.

Section 6501, Persons not to possess, use, manufacture, control, sell or transfer firearms, provides in pertinent part:

(a) Offense defined.--

(1) *A person who has been convicted of an offense enumerated in subsection (b),* within or without this Commonwealth, regardless of the length of sentence *or* whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

* * *

(a.1) Penalty.--

(1) A person convicted of a felony enumerated under subsection (b) or a felony under the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, or any equivalent Federal statute or equivalent statute of any other state, who violates subsection (a) commits a felony of the second degree.

3

*(b) Enumerated offenses.*--The following offenses shall apply to subsection (a):

Section 908 (relating to prohibited offensive weapons).

Section 911 (relating to corrupt organizations).

Section 912 (relating to possession of weapon on school property).

Section 2502 (relating to murder).

Section 2503 (relating to voluntary manslaughter).

Section 2504 (relating to involuntary manslaughter) if the offense is based on the reckless use of a firearm.

Section 2702 (relating to aggravated assault).

Section 2703 (relating to assault by prisoner).

Section 2704 (relating to assault by life prisoner).

Section 2709.1 (relating to stalking).

Section 2716 (relating to weapons of mass destruction).

Section 2901 (relating to kidnapping).

Section 2902 (relating to unlawful restraint).

Section 2910 (relating to luring a child into a motor vehicle or structure).

Section 3121 (relating to rape).

Section 3123 (relating to involuntary deviate sexual intercourse).

Section 3125 (relating to aggravated indecent assault).

Section 3301 (relating to arson and related offenses).

Section 3302 (relating to causing or risking catastrophe).

Section 3502 (relating to burglary).

Section 3503 (relating to criminal trespass) if the offense is graded a felony of the second degree or higher.

Section 3701 (relating to robbery).

Section 3702 (relating to robbery of motor vehicle).

Section 3921 (relating to theft by unlawful taking or disposition) upon conviction of the second felony offense.

4

Section 3923 (relating to theft by extortion) when the offense is accompanied by threats of violence.

Section 3925 (relating to receiving stolen property) upon conviction of the second felony offense.

Section 4906 (relating to false reports to law enforcement authorities) if the fictitious report involved the theft of a firearm as provided in section 4906(c)(2).

Section 4912 (relating to impersonating a public servant) if the person is impersonating a law enforcement officer.

Section 4952 (relating to intimidation of witnesses or victims).

Section 4953 (relating to retaliation against witness, victim or party).

Section 5121 (relating to escape).

Section 5122 (relating to weapons or implements for escape).

Section 5501(3) (relating to riot).

Section 5515 (relating to prohibiting of paramilitary training).

Section 5516 (relating to facsimile weapons of mass destruction).

Section 6110.1 (relating to possession of firearm by minor).

Section 6301 (relating to corruption of minors).

Section 6302 (relating to sale or lease of weapons and explosives).

Any offense equivalent to any of the above-enumerated offenses under the prior laws of this Commonwealth or any offense equivalent to any of the above-enumerated offenses under the statutes of any other state or of the United States.

(c) Other persons.--In addition to any person who has been convicted of any offense listed under subsection (b), the following persons shall be subject to the prohibition of subsection (a):

* * *

(8) A person who was adjudicated delinquent by a court pursuant to 42 Pa.C.S. § 6341 or under any equivalent Federal statute or statute of any other state as a result of conduct which if committed by an adult would constitute an

5

offense enumerated in subsection (b) with the exception of those crimes set forth in paragraph (7). This prohibition shall terminate 15 years after the last applicable delinquent adjudication or upon the person reaching the age of 30, whichever is earlier.

18 Pa.C.S.A. § 6501(emphasis added).

In *Hale, supra* the Court considered the plain language of Section 6501 to "ascertain and effectuate the intention of the General Assembly," 85 A.3d at 570. After reviewing relevant case law it concluded that "[c]onsistent with both the technical and popular meaning of a conviction, juvenile adjudications are ordinarily not considered convictions." Id. at 570. The Court then turned to the statute itself and noted that the General Assembly recognized this distinction  by explicitly  including subsection (c)(8), noting that if a conviction of an enumerated offense included in subsection(b) subsumed delinquent acts, section (c)(8) would be superfluous. Accordingly, a prior juvenile adjudication is not a disqualifying prior conviction that raises the grade of a conviction for possessing a firearm from a misdemeanor of the first degree to a second-degree felony. See 18 Pa.C.S.A. § 6119,  Violation penalty, "Except as otherwise specifically provided, an offense under this subchapter constitutes a misdemeanor of the first degree."

The Commonwealth suggests, as did the appellee in *Hale*, that Commonwealth v. Baker,  614 A.2d 663 (Pa. 1992) dictates a different result. In *Baker*, our Supreme Court held that, although the Juvenile Act in effect at the time provided juvenile dispositions were not "convictions" and that a "disposition in a juvenile delinquency proceeding could not be used against the person in any court other than a juvenile hearing, except for dispositional

6

proceedings after a felony conviction for purposes of a presentence report[2]" "juvenile adjudications are admissible as evidence at the sentencing phase of a death penalty case to show a history of violent felony convictions." The Superior Court rejected this argument in *Hale* and explained that pursuant to *Baker* and its progeny, a juvenile adjudication may be considered by the court when it is fashioning an appropriate sentence within a statutory maximum or grade. However, in light of the expressed provisions of the person-not-to possess statue, a prior adjudication does not increase the *grade* of the offense:

> Certainly, *Baker* and the subsequent amendment of the Juvenile Act allow for a sentencing judge to consider Appellant's prior adjudication when sentencing Appellant within a range of sentences falling in the appropriate grading. They do not, however, permit the judge to disregard the language of the persons-not-to-possess statute, render portions of that statute surplusage, and increase the grading of the offense to a second-degree felony. Here, after *Baker*, the General Assembly expressly distinguished between a person "convicted of any offense listed under subsection (b)," and an individual adjudicated delinquent. 18 Pa.C.S. § 6105(c). It would be incongruous to interpret the phrase "convicted" in subsection (a.1)(1) differently than in subsection (c) of the same statute. See 1 Pa.C.S. § 1932(a)(b) ("[s]tatutes or parts of statutes are in pari materia when they relate to the same persons or things or to the same class of persons or things" and "[s]tatutes in pari materia shall be construed together, if possible, as one statute.").

Id. at 585.

The fact that our Supreme Court will consider Commonwealth's appeal in *Hale*, see Commonwealth v. Hale, 25 EAP 2014 (Petition for Allowance of Appeal granted, July 2, 2014) does not render the Superior Court's decision non-binding in the lower court. See e.g. In re S.T.S., Jr. 76 A.3d 24, 44 (Pa.Super. 2013) *citing* Sorber v. American Motorists Ins. Co., 680 A.2d 881, 882 (Pa. Super. 1996) ("holding that even though petition for allowance of

---

[2] The Superior Court noted, that after *Baker*, the Juvenile Act was amended to provide that a juvenile adjudication "could be used against [a child]," "in a criminal proceeding, if the child was adjudicated delinquent for an offense, the evidence of which would be admissible if committed by an adult." 85 A.3d at 584.

7

appeal was pending before the Pennsylvania Supreme Court, decision remained binding precedent as long as the decision had not been overturned by our Supreme Court"). The issue currently before the Supreme Court in *Hale* has been stated as follows: "Did the Superior Court err, in a published decision, by contradicting this Court's controlling precedent holding that prior adjudications of delinquency are relevant at sentencing?" Accepting the principle that prior adjudications are relevant when determining an appropriate sentence within the statutory maximum authorized for a particular offense of a given grade, it is not as the Commonwealth suggests, a foregone conclusion that the Superior Court erred when it determined that the plain language of Section 6105 does not allow for an increase in the grade of this offense based on a prior juvenile adjudication.

In light of the foregoing, it is respectfully submitted that the Order July 14, 2014 granting Petitioner PCRA relief from the illegal sentence imposed in the above matter should be affirmed.

BY THE COURT:

James P. Bradley,                                    J.

8