J-A30029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEFFREY CRISTINA | |
| Appellant | No. 1306 WDA 2016 |

Appeal from the Judgment of Sentence Entered August 24, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at Nos: CP-02-CR-0001478-1976; CP-02-CR-0002462-1976; and CP-02-CR-0002464-1976

BEFORE:  BOWES, STABILE, JJ., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY STABILE, J.:          **FILED  FEBRUARY 27, 2018**

This case returns to us following our decision to remand to the Court of Common Pleas of Allegheny County for purposes of resentencing Appellant in light of United States Supreme Court's decision in ***Montgomery v. Louisiana***, 136 S. Ct. 718 (2016).  ***Montgomery*** held that ***Miller v. Alabama***, 132 S. Ct. 2455 (2012),[1] announced a new substantive constitutional rule that must be applied retroactively on state collateral review.  ***Id.*** at 732, 736.  Upon review, we affirm.

Briefly, in 1976, Appellant was convicted by a jury of second-degree murder for the killing of Frank Slazinski during a home invasion.  Appellant

_____

[1] The Court in Miller held that "[m]andatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" ***Miller***, 132 S. Ct. at 2460.

was a juvenile when the homicide occurred. On March 29, 1977, the trial court sentenced Appellant to life in prison without the possibility of parole ("LWOP"). Eventually, on May 3, 2016, consistent with *Montgomery*, we vacated Appellant's sentence of LWOP and remanded the case to the PCRA court for resentencing. The court, on remand, resentenced Appellant to 20 years to life imprisonment on August 24, 2016. Appellant timely appealed to this Court. Following Appellant's filing of a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, the trial court issued a Pa.R.A.P. 1925(a) opinion.

On appeal, Appellant argues that, because there is no legislatively authorized sentence for juveniles, like him, convicted of second-degree murder prior to the issuance of *Miller* in 2012, his 20 years (term-of years) to life sentence is illegal. We disagree based on our recent decision in *Commonwealth v. Machicote*, 172 A.3d 595 (Pa. Super. 2017), wherein we addressed an identical issue. Relying principally upon *Batts II*,[2] we determined in *Machicote* that "a trial court, in resentencing a juvenile offender convicted [of second-degree murder] prior to *Miller*, was constitutionally permitted to impose a minimum term-of-years sentence and a maximum sentence of life imprisonment, thus 'exposing these defendants

---

[2] *Commonwealth v Batts*, 163 A.3d 410, 421 (Pa. 2017) (*Batts II*) (explaining that the trial court has discretion to impose LWOP upon juvenile offenders convicted of first-degree murder prior to *Miller* as long as the court follows the criteria identified in *Miller*. If, however, the court elects not to impose LWOP, it must impose both a minimum sentence and a maximum sentence of life imprisonment with the possibility of parole).

to parole eligibility upon the expiration of their minimum sentences.'"
*Machicote*, 172 A.3d at 601; *see Commonwealth v. Melvin*, 172 A.3d 14, 21 (Pa. Super. 2017) (we affirmed the appellant's resentence of 30 years to life imprisonment after his sentence of LWOP for second-degree murder was vacated).[3]  Thus, under *Machicote* and *Melvin*, Appellant is not entitled to relief.  Accordingly, the trial court did not err in resentencing Appellant to 20 years to life in prison.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  2/27/2018

---

[3] Insofar as Appellant invites us to overrule *Machicote* or *Melvin*, decisions published by a prior three-judge panel of this Court, we decline the invitation because we are bound by *stare decisis*.  *See Commonwealth v. Crowley*, 605 A.2d 1256, 1257 (Pa. Super. 1992) (noting that "precedent (*stare decisis*) requires us to adhere to a ruling of this Court until it is reversed either by our Supreme Court or an *en banc* panel of [the] Superior Court").