J-S12042-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GILES W. WITHERSPOON | : | |
| | : | |
| Appellant | : | No. 1860 EDA 2019 |

Appeal from the Order Entered May 30, 2019
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0000086-2000

BEFORE:   SHOGAN, J., McCAFFERY, J., and COLINS, J.*

MEMORANDUM BY COLINS, J.:                           **FILED JUNE 30, 2020**

Appellant, Giles W. Witherspoon, *pro se*, appeals from the May 30, 2019 order of the Court of Common Pleas of Delaware County, that dismissed Appellant's petition as a third untimely petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  We find that the trial court should have treated Appellant's petition as an untimely post-sentence motion.  We, therefore, affirm but on grounds different than the trial court.[2]

The facts underlying this appeal are not relevant to its disposition.  After a jury trial, Appellant was found guilty of rape, kidnapping, aggravated assault, and simple assault.[3]  On December 4, 2001, Appellant was sentenced

---

[1] 42 Pa.C.S. §§ 9541–9546.

[2] ***See Commonwealth v. Clouser,*** 998 A.2d 656, 661 n.3 (Pa. Super. 2010) (Superior Court can affirm trial court order on any basis).

[3] 18 Pa.C.S. §§ 3121, 2901, 2702, and 2701, respectively.

*Retired Senior Judge assigned to the Superior Court.

to an aggregate term of 13.5 to 27 years' incarceration plus five consecutive years' of probation. Appellant filed a direct appeal, this Court affirmed his judgment of sentence and the Pennsylvania Supreme Court denied allowance of appeal on September 30, 2003. *See Commonwealth v. Witherspoon*, 828 A.2d 405 (Pa. Super. 2003) (table), *appeal denied*, 832 A.2d 436 (Pa. 2003) (table).

Appellant filed a first petition pursuant to the PCRA on April 14, 2005. The PCRA court dismissed the petition and Appellant filed a notice of appeal with this Court. This Court remanded to the PCRA court and determined that the PCRA court should treat a previously filed, but undocumented, petition as a timely PCRA petition. *See Commonwealth v. Witherspoon*, 929 A.2d 250 (Pa. Super. 2007) (table). The PCRA court permitted Appellant to proceed *pro se* and subsequently dismissed the petition. Appellant filed a notice of appeal, which was docketed at 307 EDA 2011, but discontinued that appeal. Appellant filed a petition for a writ of extraordinary relief to the Pennsylvania Supreme Court, which was denied. *Witherspoon v. Del. Cnty. Court of Common Pleas*, 2 MM 2011 (Pa. filed August 3, 2011). The Supreme Court of the United States denied Appellant's petition for a writ of certiorari on January 9, 2012. *Witherspoon v. Del. Cnty. Court of Common Pleas*, 565 U.S. 1126 (2012).

On December 9, 2013, Appellant filed a second petition pursuant to the PCRA. The PCRA court dismissed the petition. Appellant filed a notice of appeal and this Court affirmed the PCRA court's order. *See Commonwealth*

***v. Witherspoon***, 2015 WL 6828199 (Pa. Super. 2015). The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. ***See Commonwealth v. Witherspoon***, 130 A.3d 1290 (Pa. 2016) (table).

On February 14, 2019, Appellant, *pro se*, filed the petition at issue in this appeal, titled "Petition for Correction of Sentence Nunc Pro Tunc." On April 26, 2019, the Commonwealth filed an answer. The trial court treated the petition as a third, untimely, petition filed pursuant to the PCRA and on April 29, 2019, filed notice of intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907 (907 Notice). On May 6, 2019, Appellant filed a *pro se* "Request for Extension of Time to Traverse," and on May 28, 2019, Appellant filed a response to the trial court's 907 Notice. On May 30 2019, the trial court entered an order dismissing the petition. On June 12, 2019, Appellant filed this timely *pro se* notice of appeal.[4]

Appellant presents the following issues for our review:

1. Whether the Common Pleas Court's portrayal and dismissal of Witherspoon's Petition for Correction of Sentence, Nunc Pro Tunc, as a Post-Conviction Relief Act Petition was in error?

---

[4] The trial court dated the order May 28, 2019, but the order was not mailed to Appellant and the Commonwealth until May 30, 2019. ***See*** Pa.R.A.P. 108(a)(1) (day of entry of order shall be the date the clerk of court mails or delivers copies of the orders to the parties). Appellant filed a Pa.R.A.P. 1925(b) statement of errors complained of on appeal (Rule 1925(b) statement) on June 12, 2019, however, the trial court did not order Appellant to file a Rule 1925(b) statement. We note that the issues in Appellant's Rule 1925(b) statement are identical to the issues in his Statement of Questions Presented portion of his brief to this Court.

2. Whether the Court committed error in accepting the Commonwealth's argument that the issue of the wrongful calculation of the sentence had been previously litigated pursuant to 42 Pa. C.S.A. § 9544 ?

3. Whether the lower court had jurisdiction to recalculate/correct Witherspoon's sentence which was erroneously arrived at by the sentencing court in a manifestly unreasonable application of improper element(s), resulting in a prior record score being improperly increased from (2) to (4) points?

4. Whether Witherspoon's sentence which was increased by up to (9) years due to the consideration of improper element(s), contrary to specific statutory provisions contained in the Pennsylvania Sentencing Guidelines, 204 Pa. Code § 303.1 (c) and the United States Sentencing Guidelines Manual § 4A.1.1 (a)?

Appellant's Brief at vii (suggested answers omitted).

In Appellant's first issue, he argues that the trial court erred in identifying his petition as a PCRA petition. Appellant contends that his motion was a post-sentence motion and that he qualified for relief because there were several breakdowns in the operations of the courts.

"The content of the motion-just exactly what is pled and requested therein—is relevant to deciding whether to treat the motion as a collateral petition." *Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa. Super. 2013) (*citing* *Wrecks I*, 931 A.2d 717 (Pa. Super. 2007)). "Misdesignation of a pleading does not preclude a court from deducing the proper nature of a pleading." *See Commonwealth v. Porter*, 35 A.3d 4, 12 (citation omitted). "[I]f the PCRA offers a remedy for an appellant's claim, it is the sole avenue

- 4 -

of relief and the PCRA time limitations apply." *Commonwealth v. Wyatt*, 115 A.3d 876, 879 (Pa. Super. 2015) (citation omitted).

In order to determine the nature of Appellant's pleading, we must look to what Appellant pleaded. In his petition, Appellant argued that the trial court erred in calculating his prior record score by including a 1981 burglary conviction that he argued should not have been included. Appellant states that many mistakes have occurred in his direct appeal and prior PCRA proceedings that have resulted in this sentencing claim having never been reviewed. He contends that errors in sentencing cannot be waived and that this Court should recalculate his prior record score and that he should be resentenced according to the correct prior record score.

Appellant's argument in his petition, that the trial court erred in calculating his prior record score, is a challenge to the discretionary aspects of the sentence. In *Commonwealth v. Wrecks*, 934 A.2d 1287, 1289 (Pa. Super. 2007), ten years after he was sentenced, appellant filed a "Motion to Modify and Reduce Sentence" in which he argued that the sentencing court "failed to consider, and deviated, from the sentencing guidelines." *Id*. at 1288-89.

> Requests for relief with respect to the discretionary aspects of the sentence are not cognizable in PCRA proceedings. Thus, because [a]ppellant's pro se filing does not request relief contemplated by the PCRA, the trial court was correct to treat Appellant's filing as a post-sentence motion and not a PCRA petition.

*Wrecks*, 934 A.2d at 1289.[5]  Similarly, as Appellant's claims in his petition pertain to the discretionary aspects of his sentence and are not cognizable under the PCRA, the trial court should have treated his petition as an untimely post sentence motion.  *Id.*; *See also Commonwealth v. Torres*, 223 A.3d 715, 716-17 (Pa. Super. 2019) (appellant filed a motion to modify sentence ten years after the imposition of sentence, and argued trial court failed to consider mitigating circumstances, which is a challenge to the discretionary aspects of sentence, his motion is an untimely post-sentence motion and not PCRA petition, following *Wrecks*).[6]

In Appellant's third issue, he contends that the trial court had jurisdiction to correct his sentence.  Appellant argues that several events have precluded the issue of his prior record score from being addressed and,

_____

[5] We note that *Taylor* criticized *Wrecks* and appeared to suggest that this Court should not follow *Wrecks*.  This Court's panel in *Taylor* articulated that the *Wrecks* panel ignored prior decisions of this Court that stated that any motion filed after judgment of sentence becomes final are to be treated as a PCRA petition.  *Taylor*, 65 A.3d at 466-67.  The *Taylor* panel held that the petition at issue in that appeal should be treated as a PCRA petition, however, the panel admitted it need not rely on *Wrecks* because the claim at issue in the petition was an illegal sentence claim, which is cognizable under the PCRA. *Id*. At 467.  This Court is still bound by *Wrecks*.  "[P]recedent (*stare decisis*) requires us to adhere to a ruling of this Court until it is reversed either by our Supreme Court or an *en banc* panel of Superior Court.  *Commonwealth v. Crowley,* 605 A.2d 1256, 1257 (1992).  To the extent that the *Taylor* panel stated that *stare decisis* is not meant to be a "vehicle for perpetuating error," *Taylor*, 65 A.3d at 467 (citation omitted), we find no error in the reasoning of *Wrecks*.

[6] We need not discuss Appellant's second issue in this Court because of this determination.  Appellant's second issue was whether the calculation of his prior record score was previously litigated under the PCRA.

therefore, these are breakdowns that permit *nunc pro tunc* relief. Appellant asserts that the alleged breakdowns consist of: the trial courts' use of an erroneous prior record score in determining his sentence; the delay in scheduling his PCRA hearing pursuant to his first PCRA petition; his counsel abandoning his claim as to the prior record score on appeal; and the trial court erroneously determining that the claim was previously litigated. Appellant also argues that "[t]he breakdown(s) in the court's process triggered the discretionary aspects of sentencing and created substantial question(s) which must invoke the jurisdiction of this [C]ourt." Appellant's brief at 9. Appellant relies on ***Commonwealth v. Mouzon***, 812 A.2d 617 (Pa. 2002) to support his proposition. *Id*.

Appellant was required to file his post-sentence motion within 10 days of imposition of sentence. Pa.R.Crim.P. 720(A)(1). His motion, filed over 10 years after imposition of sentence, is untimely.

> The courts of this Commonwealth have held that a court breakdown occurred in instances where the trial court, at the time of sentencing, either failed to advise Appellant of his post-sentence and appellate rights or misadvised him. We have also found a breakdown where the clerk of courts did not enter an order notifying the appellant that his post-sentence motion was denied by operation of law. In each of the aforementioned instances, the "breakdown" occurred when the trial court or the clerk of courts departed from the obligations specified in current Rules 704 and 720 of the Pennsylvania Rules of Criminal Procedure.

***Commonwealth v. Patterson***, 940 A.2d 493, 498–99 (Pa. Super. 2007) (citations omitted); ***See also Commonwealth v. Torres***, 223 A.3d 715, 717

- 7 -

(Pa. Super. 2019) (finding appellant's argument that extraordinary circumstances, namely, that the trial court failed to advise him of his appellate and post-sentence rights as required by Pa.R.Crim.P. 704 and 720 did not constitute a breakdown in court operations justifying the filing of a post-sentence motion ten years after imposition of sentence where the record demonstrated that appellant was advised of his post-sentence motion rights and signed a document stating same).

Appellant's attempt to establish a breakdown in the courts' operation is unavailing. Appellant's claims of "breakdowns" are actions of his counsel and alleged errors in prior court decisions, not any act or omission of the court that misled him as to the deadlines for filing a post-sentence motion or that prevented him from timely filing a post-sentence motion at the time of sentencing. In fact, the record demonstrates that Appellant was advised of his right to file a post-sentence motion by his attorney and signed a document informing him of his rights. Post-Sentence Document, 12/4/2001, at unnumbered pages 1-2. These allegations, therefore, do not fall within the scope of a "breakdown" of court operations to excuse the untimeliness of his post-sentence motion. *See Patterson*, 940 A.2d at 498–99.

Appellant's argument that this Court, nonetheless, has jurisdiction to review his claim as to the discretionary aspect of his sentence is unavailing. Appellant's reliance on *Mouzon* is misplaced. In *Mouzon*, the appellant filed a timely post-sentence and direct appeal from his judgment of sentence. The issue was whether this Court erred in determining that appellant did not raise

a substantial question. Appellant's reliance is misplaced because Appellant's appeal comes to this Court from a motion for *nunc pro tunc* relief filed ten years after imposition of sentence. We have determined that Appellant's post-sentence motion was untimely and the trial court did not have jurisdiction to address the merits of his petition. As such, this Court does not have jurisdiction to address the merits of his petition, namely his challenge to the discretionary aspects of his sentence.

Lastly, Appellant argues that the imposition of his sentence was contrary to the statutory provisions of the Sentencing Guidelines, because the trial court was precluded from including a 1981 conviction in his prior record score, as that conviction predated the sentencing guidelines. Appellant, in his brief, relied on ***Commonwealth v. Provenzano***, 50 A.3d 148 (Pa. Super. 2012), for the proposition that this Court has previously remanded for resentencing based on a trial court's use of an erroneous prior record score. Appellant's reliance on ***Provenzano*** is misplaced. The appellant in that case filed a timely direct appeal from his judgment of sentence. Here, Appellant is filing this post-sentence motion over ten years after his judgment of sentence. As the trial court did not have jurisdiction to review Appellant's claim on the merits due to the untimeliness of his motion, we, likewise, lack jurisdiction to review Appellant's claim on the merits.

Order affirmed.

Judge McCaffery Concurs in the Result.

Judge Shogan files a Concurring Memorandum that Judge McCaffery and Judge Colins join.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/30/2020